UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO: 5:09-CV-00317-BR

| | |
|---|---|
| ABIODUN RAYMOND FALEGAN ) | |
| Plaintiff ) | |
| v. ) | MEMORANDUM AND |
| ) | RECOMMENDATION |
| ) | |
| BRYAN THOMAS, ) | |
| THE COOK OUT HUMAN RESOURCES ) | |
| Defendants ) | |

Plaintiff has filed an application to proceed *in forma pauperis*, and has demonstrated appropriate evidence of inability to pay the required court costs. However, the Court must also conduct a review pursuant to 28 U.S.C. §§ 1915(e)(2) which requires the Court to dismiss all or any part of an action found to be frivolous or malicious, which fails to state a claim upon which relief can be granted, or which seeks money damages from a defendant immune from such recovery. *See* Cochran v. Morris, 73 F.3d 1310, 1315-16 (4th Cir. 1996)(discussing *sua sponte* dismissal under predecessor statute 28 U.S.C. § 1915(d)). A case is frivolous if it lacks an arguable basis in either law or fact. *See* Neitzke v. Williams, 490 U.S. 319, 325 (1989).

In his Complaint, Plaintiff alleges that Defendants failed to employ him as a result of his national origin. Plaintiff's claim is filed pursuant to Title VII, which prohibits employers from failing or refusing to hire or otherwise discriminating against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2(a)(1).

A plaintiff may establish a claim of discrimination in one of two ways. First, the plaintiff may present direct or indirect evidence of the discriminatory animus alleged. Hill v. Lockheed Martin Logistics Management, Inc., 354 F.3d 277, 284 (4th Cir.2004). To this end, the plaintiff must forecast "evidence of conduct or statements that both reflect directly the alleged discriminatory

attitude and that bear directly on the contested employment decision ." Fuller v. Phipps, 67 F.3d 1137, 1142 (4th Cir.1995). If such evidence is not available to the plaintiff, he may rely on the burden-shifting scheme as articulated in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973) and its progeny. This scheme requires the plaintiff to establish a *prima facie* case of discriminatory action, which gives rise to a presumption of discrimination. Id. at 802. To establish a *prima facie* case of discrimination Plaintiff must prove by a preponderance of the evidence that (1) he is a member of a protected class; (2) he applied for a position for which there was a vacancy; (3) he was qualified for the position; and (4) he was rejected for the position under circumstances giving rise to an inference of unlawful discrimination. See Amimokri v. Balt. Gas and Electric Co. ., 60 F.3d 1126, 1128 (4th Cir.1995) (analyzing plaintiff's Title VII failure to promote claim based on national origin); see also Poskocil v. Roanoke Cty. School Div., No. CIV.A.90-1380-T, 1999 WL 15938 (W.D.Va.1999) (considering plaintiff's Title VII failure to hire claim based on national origin).

Here, Plaintiff alleges that during a job interview with Defendants he was asked to provide "extra documents." Plaintiff contends that he sent the requested documents immediately and that Defendants' "human resources office" acknowledged their receipt. Defendant Bryan Thomas, however, later denied receiving the documents. Furthermore, Plaintiff argues that Defendant Thomas "also did not call any of the references I gave him, and did not call me to let me know about his decision regarding the interview." Accordingly, Plaintiff asserts that he " I qualify for the job and he intentionally did not hire me."

These allegations do not forecast "evidence of conduct or statements that both reflect directly the alleged discriminatory attitude and that bear directly on the contested employment decision ." Thus Plaintiff must establish a *prima facie* case of discrimination. However, Plaintiff has not specifically identified the protected class he belongs to. Nor has he established by a preponderance of the evidence that he was qualified for the job. Indeed, Plaintiff fails to describe the position for

2

which he was applying or even whether a vacancy existed. Therefore, Plaintiff's discrimination claim lacks any arguable basis in either law or fact.

For these reasons, the undersigned RECOMMENDS that Plaintiff's motion to proceed *in forma pauperis* be GRANTED, but that his Complaint be DISMISSED as frivolous.

SO RECOMMENDED in Chambers at Raleigh, North Carolina this 21st day of July, 2009.

_____
William A. Webb
U.S. Magistrate Judge