UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO: 5:09-CV-00317-BR

| | |
|---|---|
| ABIODUN RAYMOND FALEGAN )<br>               Plaintiff )<br>v. )<br>               )<br>               )<br>BRYAN THOMAS , )<br>THE COOK OUT HUMAN RESOURCES )<br>             Defendants ) | ORDER |

      This matter is before the court on the 21 July 2009 Memorandum and Recommendation (M&R) of Magistrate Judge William A. Webb. Judge Webb recommends that plaintiff's application to proceed *in forma pauperis* be granted and that the complaint be dismissed for lacking any arguable basis in law or fact. Plaintiff filed objections to the M&R. The court has conducted a *de novo* review of the record.

      While the court notes that plaintiff's complaint need not include "specific facts establishing a prima facie case of discrimination under the framework set forth by th[e] Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 . . . (1973)," Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 (2002), "[f]actual allegations must be enough to raise a right to relief above the speculative level" and have "enough facts to state a claim to relief that is plausible on its face," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007). Even considering the factual allegations plaintiff sets forth in his objections, plaintiff has alleged nothing about the circumstances under which he was rejected to give rise to an inference of unlawful discrimination, which is an element of a discriminatory failure to hire claim, see Dolgaleva v. Virginia Beach City Public Schools, 541 F. Supp. 2d 817, 820 (E.D. Va. 2008). For example,

plaintiff does not allege any information about the qualifications, national origin, or race of the person(s) ultimately hired. Without more, plaintiff has failed to state a claim under Title VII. Additionally, defendant Thomas, who interviewed plaintiff for the position, is not an "employer" under Title VII as a matter of law and therefore cannot be held liable under that statute. See Baird v. Rose, 192 F.3d 462, 472 (4th Cir. 1999) ("We have expressly held that Title VII does not provide a remedy against individual defendants who do not qualify as 'employers.'" (citation omitted)).

The application to proceed *in forma pauperis* is GRANTED and the complaint is DISMISSED.

This 21 October 2009.

	W. Earl Britt
	Senior U.S. District Judge

2

Case 5:09-cv-00317-BR   Document 5   Filed 10/22/09   Page 2 of 2